UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| SLY STALLONE AIKENS, ) | Civil Action No. 0:20-cv-2174-SAL-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | |
| ) | **ORDER** |
| ) | |
| CIANBRO CORPORATION, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**I.     INTRODUCTION**

This action arises out of Plaintiff's employment with Defendant. Plaintiff alleges claims of race discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000(e) et seq. Presently before the Court is Defendant's Motion for Protective Order (ECF No. 35), Plaintiff's Motion to Compel (ECF No. 39) and Plaintiff's Motion for Sanctions (ECF No. 40). Plaintiff filed a response in opposition to the Motion for Protective Order (ECF No. 38) and Defendant filed a reply (ECF No. 42). Further, Defendant filed a response in opposition to the Motion to Compel and Motion for Sanctions. (ECF No. 43). All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. 636(b)(1)(A) and (B) and Local Rule 73.02 (B)(2)(g), DSC.

## II.  DISCUSSION

### A.  Legal Standard

Rule 26(c)(1) of the Federal Rules of Civil Procedure provides that the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). "Discovery is not limitless," Mach. Sols., Inc. v. Doosan Infracore Am. Corp., 323 F.R.D. 522, 526 (D.S.C. 2018), and a court "must limit the frequency or extent of discovery" if:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C). "Normally, in determining good cause, a court will balance the interest of a party in obtaining the information versus the interest of his opponent in keeping the information confidential or in not requiring its production." Wellin v. Wellin, 211 F. Supp. 3d 793, 800 (D.S.C. 2016) (citing UAI Tech., Inc. v. Valutech, Inc., 122 F.R.D. 188, 191 (M.D.N.C. 1988)). "Good cause exists where the information sought in discovery is not relevant to any issue in the case." Fish v. Air & Liquid Sys. Corp., No. CV GLR-16-496, 2017 WL 697663, at *2 (D. Md. Feb. 21,

2017) Courts are afforded broad discretion "to decide when a protective order is appropriate and what degree of protection is required." Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984).

### B. Rule 30(b)(6) Deposition Notice

At issue here are twelve topics in Plaintiff's Rule 30(b)(6) deposition notice to Defendant. Specifically, Defendant argues that the topics are vague, overbroad, and more appropriately suited for fact witness depositions and/or written discovery. Further, Defendant argues for example that Plaintiff seeks to depose a corporate representative on "any and all documents produced in the case, every allegation in Plaintiff's complaint, every single communication between Plaintiff and Defendant, and any and all facts about the project site to which Plaintiff was assigned (including wide-ranging information about other employees, company considerations in winding down the job site, etc.)." (ECF No. 35 at 4 of 7). Defendant asserts that the "topics lack any specificity, such that it would be impossible for Defendant to present a corporate representative to testify about these areas of inquiry." (Id. at 2).

Under Rule 30(b)(6) "a party may name as the deponent a public or private corporation . . . and must describe with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6). Based on letter dated May 17, 2021, from

Defendant's counsel to Plaintiff's counsel attached to Defendant's motion as Exhibit B (ECF No. 35-2 at 2), Defendant objected to the following Topics:

> TOPIC No. 1: The individual shall be knowledgeable about any and all documents requested in and/or produced by Defendant in discovery, including the documents produced in connection with this Notice.
>
> TOPIC NO. 2: The individual shall be knowledgeable about Defendant's employee handbooks, policies, and procedures as they existed at the time of Mr. Aiken's employment with Defendant.
>
> TOPIC NO. 3: The individual shall be knowledgeable about the decision-making process as applies to the decision to move Mr. Aikens out of South Carolina in order to perform work for Cianbro Corporation.
>
> TOPIC NO. 4: The individual shall be knowledgeable about the facts and circumstances surrounding the separation of Mr. Aiken's employment from Defendant.
>
> TOPIC NO. 5: The individual shall be knowledgeable about the circumstances surrounding the allegations in the Complaint.
>
> TOPIC NO. 6: The individual shall be knowledgeable about any computer programs used by Cianbro Corporation to house information pertaining to Mr. Aiken's employment, such as when any and all computer programs were adopted for use by Cianbro Corporation.
>
> TOPIC NO. 7: The individual shall be knowledgeable about any and all document retention policies in place that would have been in place at the time of Mr. Aiken's employment and subsequently thereto.

TOPIC NO. 8:        The individual shall be knowledgeable about any and all litigation holds and/or instructions provided within the Cianbro Corporation organization to retain documents with respect to Mr. Aiken's employment and/or this litigation.

TOPIC NO. 9:        The individual shall be knowledgeable about Mr. Aiken's chain-of-command at the time he ceased working with Cianbro Corporation.

TOPIC NO. 10:       The individual shall be knowledgeable about any and all communications between the Defendant and Mr. Aikens.

TOPIC NO. 11:       The individual shall be knowledgeable about the alleged end of the South Carolina project to which Mr. Aikens assigned was most immediately before his termination.

TOPIC NO. 12:       The individual shall be knowledgeable about the racial demographics and employment status of all Cianbro Corporation employees who worked at the same South Carolina site as Mr. Aikens prior to the requirement for him to transfer to another location.

(ECF No. 35-2).

In the letter, Defendant Cianbro stated that it did not object to Topics 13 and 14.

Plaintiff filed a memorandum in opposition to Defendant's motion for protective order arguing that his counsel "made it clear that the inquiries would be limited to matters germane to the allegations and defenses in this case, and the corporate representative would not need to be knowledgeable on topics that were self-evidently far-removed." (ECF No. 36 at 2). While Plaintiff's counsel was traveling to

South Carolina on May 19, 2021, "she maintained the position that the parties could work out any remaining concerns in advance to the deposition on May 21, 2021" and "at no point prior to the morning of May 21, 2021, did Defendant plainly advise that there would not be anyone showing up for the 9:00 a.m. deposition of Defendant's corporate representative." Id. Therefore, Plaintiff asserts that his counsel appeared at the deposition ready and willing to proceed while Defendant did not appear. Counsel argues that "On May 19, 2021, Defendant indicated that it would not go forward with the corporate representative deposition on May 21, 2021, but that comment was followed by several other exchanges about the intention to have the deposition go forward. No notice of cancellation for the corporate representative's deposition was ever issued, which should have at least caused Defendant to clarify during the May 20, 2021 deposition of Aikens that none was attending on May 21, 2021." (ECF No. 38 at fn. 2).

Further, Plaintiff argues that all topics in the Rule 30(b)(6) deposition were set forth with reasonable particularity and were tailored to the needs of the case; therefore, Defendant's motion must fail. Plaintiff asserts that Defendant has not shown the "good cause" required by Fed.R. Civ. P. 26(c) for the issuance of a protective order and that Plaintiff clarified that the inquiry would be limited to matters clearly relevant to the allegations in this case. Plaintiff contends that he has "expressed an

ongoing willingness to work with Defendant as needed to clarify or limit the scope of the topics presented to the corporate representative." (ECF 38 at 4). Plaintiff argues that the topics were stated with reasonable particularity, and, when taken in conjunction with the allegations in the complaint and defenses thereto, provided Defendant with ample notice of what the matters of inquiry would be. Defendant has failed to demonstrate that a protective order is warranted. . ." (ECF No. ECF 38 at 4-5). Plaintiff requests that the court enter an order denying Defendant's motion for protective order and granting him the relief sought in his motion to compel and motion for Sanctions. (Id. at 5).

Defendant filed a reply arguing that it provided clear notice to Plaintiff that it would not designate a corporate representative for appearance at a deposition on May 21, 2021. After reviewing Plaintiff's Rule 30(b)(6) deposition notice, Defendant notified Plaintiff that it had objections to the broad nature of the topics and documents requested, counsel for the parties discussed the objections by telephone on May 18, 2021, and while it appeared the parties would be able to agree on more limited topics, defense counsel voiced concern over the fact that it would not have adequate time to prepare a corporate representative. Defense counsel was scheduled to depose Plaintiff on May 20, so in effect, even if the parties were to agree on more narrow topics, Defendant asserts it would only have had one day to designate and prepare its

representative, and thus, advised Plaintiff that Defendant would consent to rescheduling the deposition as soon as possible once the parties agreed on topics, despite the fact that discovery was set to close on May 21, 2021. Therefore, Defendant argues that it provided clear notice that it would not designate a corporate representative until the parties were able to narrow the scope of the deposition topics. Defendant attaches documents to support the argument that, in addition to the telephone call, counsel sent multiple emails to Plaintiff's counsel on May 19, 2021, confirming the parties's understanding that it stood by its objections but based on the talk, he thought they could get most of it resolved. However, Defendant informed Plaintiff's counsel that narrowing the scope would not leave Cianbro time to designate and prepare a corporate designee for the next day after taking the scheduled deposition of the Plaintiff but would agree to present a corporate representative on revised topics at a later date, regardless of the close of discovery on May 21.

Defendant asserts that a party's failure to appear for a Rule 30(b)(6) deposition is excused "if the party failing to act on a pending motion for a protective order under Rule 26(c)." See Fed.R. Civ. P. 37(d)(2). Defendant filed a motion for protective order on May 19, 2021, two days before the scheduled deposition giving notice to

Plaintiff.[1]

Additionally, Defendant argues that Plaintiff should not be permitted to depose Defendant's Rule 30(b)(6) witness regarding sensitive financial information. Plaintiff argues that he is entitled to discovery on Defendants financial status such as balance sheets and profit and loss reports from 2018 to present as being relevant to Plaintiff's claims for punitive damages. However, Defendant argues that a number of courts in the Fourth Circuit and this District have requested a *prima facie* showing of entitlement to punitive damages before requiring the production of sensitive financial information.

The motions for a protective order and to compel regarding testimony of a 30(b)(6) witness is discussed below. However, regarding Plaintiff's request for financial information, the motion for protective order is granted and the motion to compel is denied. See Akehurst v. Buckwalter Trucking, LLC, 2021 WL 4891749 (D.S.C. Oct. 18, 2021).[2]

---

[1] While Plaintiff argues that Defendant stated it was filing the protective order "just in case," the fact remains that the protective order was filed.

[2] In Akehurst v. Buckwalter Trucking, LLC, 2021 WL 4891749 at *2.(D.S.C. Oct. 18, 2021), the court held that:
> For discovery purposes, documents related to Defendants' financial condition becomes relevant if Plaintiffs' claim for punitive damages is viable. Nix v. Hollbrook, Civil Action No. 5:13-02173, 2015 WL 791213, at * 3 (D.S.C. Feb. 25, 2019). There is no controlling authority that establishes a standard for what a plaintiff must show in order to discover a defendant's financial condition. E.E.O.C. Envtl. & Demolition Servs., Inc., 246 F.R.D. 247, 249 (D. Md. 2007).

## TOPIC 1

Topic 1 requests that the individual shall be knowledgeable about any and all documents requested in and/or produced in discovery, including the documents produced in connection with the 30(b)(6) notice. Defendant argues that the topic is vague, overbroad, and fails to provide a reasonable description of information sought so as to permit Cianbro to adequately prepare a witness to testify regarding this topic. Further, Defendant argues that it cannot reasonably be expected to prepare a witness to testify to every document that was requested from Plaintiff in this litigation and Plaintiff has failed to identify any specific documents or information upon which it expects the witness to testify.

Plaintiff responds that it clarified that as to the 14 topics in the Amended Notice of Federal Rule 30(b)(6) Deposition *Duces Tecum,* the inquiry would be limited to matters clearly relevant to the allegations. However, Plaintiff does not specifically address Topic 1 in the response to the motion and does not set out with reasonable

---

Courts in the District of South Carolina require a plaintiff to make a *prima facie* showing of his entitlement to punitive damages before he can discover the defendant's financial condition, albeit not necessarily during summary judgment. Kappel v. Garris, No. 2:19-cv-498-DCN, 2020 WL 707123, at *3 (D.S.C. Feb. 12, 2020); Moore v. BPS Direct, LLC, Civil Action No. 2:17-3228-RMG, 2019 WL 2950082, at * 2 (D.S.C. July 9, 2019); Cardoso v. Holder Constr. Co., C.A. No.: 2:16-cv-1058-PMG, 2017 WL 976315, at *2 (D.S.C. Mar. 14, 2017); Nix, 2015 WL 791213, at * 3 ("... the court declines at this time to require production of sensitive documents until after Plaintiff has established the viability of his claim for punitive damages.).

particularity how this topic would be limited to the relevant matters. Therefore, Defendant's motion for protective order is granted as to Topic 1. However, Plaintiff shall have fourteen days to resubmit Topic 1 to the Defendant with reasonable particularity in accordance with Rule 30(b)(6), Fed. R. Civ. P.

**TOPIC 2**

Topic 2 requests that Defendant produce a corporate representative to be knowledgeable about the Defendant's employee handbooks, policies, and procedure as they existed at the time of Plaintiff's employment with Defendant. Defendant argues that the topic is vague and overbroad and fails to identify what specific handbooks, policies, and procedures Plaintiff is referring to and does not identify the particular provisions or issues Plaintiff intends to explore. However, subject to and without waiving the objection, Defendant stated that the Rule 30(b)(6) representative will have general knowledge of provisions relevant to the claims and defenses at issue in this lawsuit in the handbooks, policies and procedures as they existed during Plaintiff's employment but will not produce a corporate representative to testify about any and every provision or issue contained in the documents. In reply, Plaintiff argues that he explained to Defendant that the interest was in inquiring about the policies and procedures as they related to the allegations in this case, such as policies against discrimination and retaliation, progressive discipline policies, seniority polices, and

transfer policies all within the scope of discoverable information. While Plaintiff has asserted in response that he is inquiring about the policies and procedures as they relate to the allegations in this case, such as policies against discrimination and retaliation, discipline, seniority and transfer policies, Plaintiff did not resubmit the topic with reasonable particularity. Therefore, Defendants motion for protective order is granted with respect to Topic 2. However, Plaintiff shall have fourteen days to resubmit Topic 2 to the Defendant with reasonable particularity in accordance with Rule 30(b)(6), Fed. R. Civ. P.

**TOPIC 3**

In Topic 3, Plaintiff requests and the individual be knowledgeable about the decision-making process applicable to the decision to move Plaintiff out of South Carolina in order to perform work for Cianbro Corporation. Defendant argues that this topic is cumulative and not reasonably calculated to lead to the discovery of evidence that has not already been produced in this litigation as Defendant has stated its reason for separating Plaintiff's employment in numerous court filings. Defendant argues that this topic is better suited for fact witnesses involved in making the decision to relocate Plaintiff. However, without waiving any objections, Defendant's corporate representative will provide testimony limited to its reasons for asking Plaintiff to move to another project site and Plaintiff's inability to do so due to the terms of his

parole.

The court finds Topic 3 to be reasonable and Defendant's motion for a protective order as to Topic 3 is denied.

**TOPIC 4**

In Topic 4, Plaintiff requests that the individual be knowledgeable about the facts and circumstances surrounding the separation of Plaintiff's employment from Defendant. Defendant argues that the topic is cumulative and not reasonably calculated to lead to the discovery of evidence that has not already been produced. Defendant asserts that the representative, without waiving any objections, will provide testimony in response to the topic limited to the reasons for asking Plaintiff to move to another project site and his inability to do so due to the terms of his parole.

The court finds Topic 4 to be reasonable and Defendant's motion for a protective order as to Topic 4 is denied.

**TOPIC 5**

In Topic 5, Plaintiff requests that the individual have knowledge about the circumstances surrounding the allegations in the complaint. Defendant argues that this is overbroad and seeks to depose a corporate representative upon the entirety of the allegations set forth in the complaint, a majority of which Defendant denies and asks the representative to testify to matters that are legal in nature and not proper submitted

matter. The courts finds that Topic 5 is overly broad and vague and Defendant's motion for protective order is granted. However, Plaintiff shall have fourteen days to resubmit Topic 5 to the Defendant with reasonable particularity in accordance with Rule 30(b)(6), Fed. R. Civ. P.

**TOPIC 6**

In Topic 6, Plaintiff requests that the individual have knowledge about any computer programs used by Defendant to house information pertaining to Plaintiff's employment, such as when any and all computer programs were adopted for use by Defendant. Defendant argues this topic is vague, overbroad, and fails to provide a reasonable description of information that would permit Defendant to adequately prepare a witness to testify. Defendant's motion for protective order is granted with respect to this Topic 6. However, Plaintiff shall have fourteen days to resubmit Topic 6 to the Defendant with reasonable particularity in accordance with Rule 30(b)(6), Fed. R. Civ. P.

**TOPIC 7**

In Topic 7, Plaintiff requests that the individual be knowledgeable about any and all document retention policies in place that would have been in place at the time of Plaintiff's employment. Defendant argues that this topic is vague, overly broad, and fails to provide a reasonable description of information sought to be able to prepare

a witness. Regardless of a showing or relevance, Topic 7 is overly broad and vague. The Topic is not narrowed to Cainbro Corporation or any category of documents. Therefore, Defendant's motion for protective order is granted with respect to Topic 7.

**TOPIC 8**

In Topic 8, Plaintiff requests that the individual have knowledge about any and all litigation holds and/or instructions providing the Defendant's organization to retain documents with respect to Plaintiff's employment and this litigation. Defendant argues this topic is vague, overbroad, and fails to provide a reasonable description information sought as to permit Defendant to adequately prepare a witness to testify regarding his topic. Further, Defendant argues that whether or not Defendant issued any litigation holds and its internal policies with relation to the retention of documents are not relevant as there has been no discovery disputes or other issues regarding the retention of relevant documentation. The court finds this topic to be overly broad. Therefore, Defendant's motion for a protective order is granted with respect to Topic 8.

**TOPIC 9**

In Topic 9, Plaintiff requests that the individual be knowledgeable about Mr. Aiken's chain-of-command at the time he ceased working with Cianbro Corporation.

Defendant argues that the topic is vague and overbroad and fails to define "chain -of-command" failing to permit Defendant to adequately prepare a witness to testify regarding this topic. Defendant stated in the letter that it does not object to providing information relating to Plaintiff's supervisor(s), but proposes that such information could be more efficiently obtained through discussions of counsel and/or other means of discovery. Subject to and without waiving any objections, Defendant asserts that its Rule 30(b)(6) representative can testify as to the identity of Plaintiff's supervisor(s) at the time of his separation of employment.

The court finds Topic 9 to be reasonable and Defendant's motion for a protective order as to Topic 9 is denied.

**TOPIC 10**

In Topic 10, Plaintiff requests that the individual be knowledgeable about any and all communications between the Defendant and Plaintiff. Defendant argues that this topic is vague, overly broad, and fails to provide a reasonable description of information sought so as to permit Defendant to adequately prepare a witness to testify regarding the topic. Plaintiff's Topic 10 is overly broad and vague and fails to identify what specific communications it expects the witness to have knowledge. The way this topic is worded, it refers to every communication between the Defendant and Plaintiff without any parameters. Therefore, Defendants motion for protective order is granted

as to Topic 10. However, Plaintiff shall have fourteen days to resubmit Topic 10 to the Defendant with reasonable particularity in accordance with Rule 30(b)(6), Fed. R. Civ. P.

**TOPIC 11**

In Topic 11, Plaintiff requests that the individual be knowledgeable about the alleged end of the South Carolina project to which Plaintiff was assigned immediately before his termination. Defendant argues that this topic is vague and overly broad failing to provide a description of what information is sought as it relates to the end of the project to which Plaintiff was assigned preventing Defendant from adequately preparing a witness. The court finds that the wording of this topic is vague and overly broad. Therefore, Defendant's motion for protective order is granted as to Topic 11. However, Plaintiff shall have fourteen days to resubmit Topic 11 to the Defendant with reasonable particularity in accordance with Rule 30(b)(6), Fed. R. Civ. P.

**TOPIC 12**

In Topic 12, Plaintiff requests that the individual have knowledge about the racial demographics and employment status of all of Defendant's employees who worked at the same South Carolina sites as Plaintiff prior to the requirement for him to transfer. Defendant argues this topic is overly broad and vague, unreasonablely burdensome, and improperly fails to designate with specificity the particular subject

areas that are intended to be questioned. This court finds Topic 12 to be overly broad and, thereby, grants Defendant's motion for protective order with regard to Topic 12. However, Plaintiff shall have fourteen days to resubmit Topic 12 to the Defendant with reasonable particularity in accordance with Rule 30(b)(6), Fed. R. Civ. P.

### III. Plaintiff's Motion to Compel:

Plaintiff filed a motion to compel and motion for sanctions. (ECF Nos. 39 and 40). Plaintiff requests an order pursuant to Rule 37 compelling attendance and awarding reasonable expenses for the Defendant's representative's failure to attend on May 21, 2021. In reviewing the evidence submitted, which mainly consists of texts/emails between the attorneys, it appears that Defendant's counsel believed it had made it clear that it would not produce the witness even if the topics were resolved because it would not have the opportunity at that point to adequately prepare a witness and filed a motion for protective order. It also appears that Plaintiff's counsel's desire was to move forward and attempt to resolve the issues at the deposition or the day before at Plaintiff's deposition. Defendant made it clear that even though there would not be ample time to designate and prepare a witness within that time frame, Defendant would consent to rescheduling the 30(b)(6) deposition in the near future. Therefore, the undersigned denies in part and grants in part the motion to compel a

Rule 30(b)(6) witness to testify. The parties shall reschedule the Rule 30(b)(6) deposition within thirty days from the date of this order. Defendant filed its motion for protective order, for which it has shown good cause, prior to the scheduled deposition, and therefore, its failure to appear is excused. Also, to the limited extent the Topics were acceptable, Defendant's failure was substantially justified. See Rule 37(a)(5), Fed. R. Civ. P. Therefore, the court denies the motion for sanctions for these same reasons. (ECF No. 40).

### IV.     CONCLUSION

For the reasons discussed above, Defendant's Motion for Protective Order (ECF No. 35) is **GRANTED** in part and **DENIED** in part as outlined above.  Further, Plaintiff's Motion to Compel (ECF No. 39) is granted in part and denied in part,  and the Plaintiff's Motion for Sanctions (ECF No. 40) is denied.

**IT IS SO ORDERED**.

                                                            s/Thomas E. Rogers, III
                                                            Thomas E. Rogers, III
                                                            United States Magistrate Judge

January 19, 2022
Florence, South Carolina